Case number 25-3035, Theresa Kovacs v. University of Toledo Or arguments not to exceed 15 minutes per side Ms. Kramer, you may proceed for the appellant Good morning, may it please the court My name is Ellen M. Kramer and I am here on behalf of Appellant Theresa A. Terry Kovacs Terry Kovacs is asking this court to find that the lower court erred when in granting a motion for summary judgment in favor of the University of Toledo it failed to consider an Ohio Civil Rights Commission probable cause finding in favor of Kovacs, the non-moving party Why wasn't a race discrimination claim brought? I mean, am I right that there wasn't a race discrimination claim brought here? There was not a race discrimination claim brought Out of curiosity Well, that's a very good question We weren't representing Ms. Kovacs in 2021 when she submitted her charge but in February of 2021 when she submitted her charge to the OCRC the law on race discrimination was quite a bit different than it is sitting here today And if you'll recall in June of, just last month the United States Supreme Court made that a more reasonable case for Terry Kovacs But in February of 2021, the obstacles that she faced with respect to a race discrimination charge were quite different than they are standing here today So, the lower court also erred, Your Honors, in denying a motion to reconsider its failure to factor in the probable cause finding because it didn't apply the standard required by the applicable federal rule of evidence 8038 If the lower court had factored in the probable cause finding to the constellation of evidence presented by Kovacs it would have found that she had sustained her burden which was to present some credible evidence that enables one to deduce a causal connection between Kovacs' firing and her protected activity Kovacs presented credible evidence that if she had not been demoted in November of 2020 the university would not have fired her in February of 2021 Exactly two weeks after Kovacs is named as a white comparator because she was demoted while three black HR directors at the university were fired Kovacs also is fired I wanted to go back to something you said about if the OCRC report had been considered, the result would have been different That was your argument essentially? Yes Okay I don't draw that conclusion from reading the district court's orders especially the order on the motions for reconsideration explaining the reasons why the court was not going to consider the report basically, you know, setting out all these reasons why the report the OCRC report was not coherent or persuasive or relevant to the issues in this case so to me it seems like a big leap to think that if the court had considered it after kind of denigrating the report that the result would have been different I'm sorry, I'm not sure I'm understanding your question The district court did not consider the OCRC report even though you asked the court to do it, correct? That is correct I'm going to suggest that the district court had an obligation to consider it and it just ignored it in ruling on the motion for summary judgment Let's say you're right and let's say the court did consider it I'm reading what the court wrote about the OCRC report and the court clearly didn't think much of it so I guess I'm struggling to see how it would have shifted the district court's ruling in this case Okay, well I guess there's a couple of ways to respond to that question and I think that the district court didn't use the standard articulated in 8038 as it was required to in order to just disregard that report It looked at whether or not the OCRC had conflated race and retaliation discrimination and it made a comment that the OCRC report was hearsay which is frankly just wrong if you look at the title of Federal Rule of Evidence 8038 but the whole purpose of 8038 is to look at the sources and the circumstances of an investigation and the district court didn't do that at all in deciding to disregard it so it just disregarded 8038 and in ruling on a motion for summary judgment a court is required to consider all relevant evidence and it did not do that I'm going to suggest that Here's what I'm struggling with is the claims brought I don't dispute the way the law operates about there having to be some evidence of a violation but the only claim that is before us now is the retaliation claim and your arguments about the retaliation claim how does that fit? How are you proving a retaliation claim based on a racial violation? Your argument is that she was the white comparator for three black HR employees who were terminated Tell me how that works on your retaliation claim If Terry Kovacs had not been demoted in November of 2020 then she would not have been considered as this white comparator to the three African-American HR employees who were terminated It was precisely because of that demotion a couple of months earlier that her name came into play In other words, here's the HR department within a period of three and a half months four African-American employees are terminated and when that termination occurred on January 26, 2021 that employee contacts Dr. Willie McKeather, Dr. Gregory Postal and they contact Matt Schroeder He says, I'm going to nail the universities I'm going to nail their butts Why is that evidence of retaliation? The retaliation occurred in November of 2020 It was flipped to a termination because of this phone call I got it. I got the whole comparator thing That's why I asked about race discrimination I get all that. I don't understand what it has to do with retaliation The retaliation is three and a half months and I realized that the district court held that there was not temporal proximity because of the three and a half months between the protected conduct and the firing The law is to look at circumstantial evidence It's not just looking at... Let me just put it a slightly different way Make it more extreme So you have the speech that's the source of retaliation You have four months go by In the interim, someone says about Kovacs I think we should fire Kovacs because he's a man his sexual orientation, whatever else It's very bad stuff, right? That hurts your retaliation claim The reason it hurts your retaliation claim is it breaks the link Do you understand the point I'm trying to make here? The point I'm trying to make is All the stuff about race and comparator There's a pretty good argument This is very problematic Not for retaliation reasons In fact, it undermines the retaliation case Again, hypothetical, not this case The hypothetical is you say something You claim four months later you're retaliated against for what you said And in the interim, there's evidence that the university wants to get rid of this person solely because of their race their sex, their sexual orientation, whatever it is That breaks the link with the retaliation So I not only think this stuff doesn't help you I think it actually hurts At least on a retaliation claim Except that this wouldn't have come up if Terry Kovacs had not been demoted The demotion is why her name is brought into the mix in January of 2021 So be it It's still stuff that goes to race discrimination But the demotion was determined to be unlawful by Judge Carr And you dropped the claim I don't know what to say I'm right, the demotion claim was dropped So you could get a final judgment on the termination claim And by the time of the termination claim You've got all this other evidence that Kovacs is fired for race reasons And under Ames, I'm with you This is a very strong claim But it's not the claim in front of us Okay, well, if that's the case Well, listen, I'm one person I'm just trying to tell you where I'm coming from So you can tell me what I'm missing Well, I will tell you that there's been quite a bit of discussion About, you know, what Ms. Kovacs should do in light of the Ames decision So, but as you know, that just came out, what, six weeks ago I'd like to know what the probable cause finding Some of the information that the probable cause finding had in it Which I think the district court should have considered and didn't But, I'm sorry, I have no time remaining Well, you'll get your full rebuttal All right, thank you very much All right, we'll hear from, I guess it's the university Good morning May it please the court, Drew Pearsall On behalf of the Apolle, in this case, the University of Toledo Your honors, to your point I want to first address what this case is not about This case is not about race discrimination This case is a retaliation case Appellant made the strategic decision not to include race discrimination In her lawsuit So what is before you, as all three of you have hit on already here this morning Is solely the retaliation claim So maybe you should focus on the agency report Because that does have something about retaliation in it It does You're right, your honor So let's first take a look at the procedural history Of the appellant's attempts to introduce various probable cause and OCRC proceedings She first filed a motion for judicial notice Of a different employee, one of the African American employees that was terminated Appellant asked that that probable cause finding be taken into consideration She also filed a motion for judicial notice of her own investigatory file Judge Carr, in ruling on those motions for judicial notice Both of those, in a combined ruling Said, I'm not going to consider the other individual's probable cause finding And even the probable cause determination in plaintiff's own OCRC matter Has an evidentiary value of practically zero And the source for that quotation was the seminal case in this area As espoused by this circuit Which is Alexander v. CareSource, which is a published decision from 2009 So Judge Carr certainly foreshadowed his viewpoint of the probable cause finding Then we get to summary judgment briefing I would first point out that Judge Carr found that there was both a procedural And a substantive basis to deny the motion for reconsideration That was ultimately filed post-summary judgment briefing He first said that the appellant had failed to raise this probable cause finding argument If you take a look at the district court summary judgment briefing The only place where that probable cause finding comes up is in the facts section And Ms. Kovach said, I received a probable cause finding, period That's the extent of the mention of a probable cause finding in her briefing Let's skip to the substantive piece So why wasn't it error to fail to give weight to this report in a substantive sense? Well, it's been asserted in the briefing before this court That the district court did not conduct a proper analysis of the probable cause finding The Alexander case was cited, there's a four-factor test in Alexander But I would also point out that Alexander states that the list of factors Above and beyond the four factors espoused in that case is not exclusive Any circumstance which may affect the trustworthiness of the underlying information And thus the trustworthiness of the findings must be considered When ruling upon the admissibility of factual findings under this rule So what the district court did was took a look at the probable cause finding And Judge Carr found that the instances of protected activity The Civil Rights Commission, what they did was they focused on the comments Of the African-American gentleman post-termination in late January There was a heavy emphasis on that and they conducted They explicitly stated the timeline, approximately two weeks Between those comments being made by the African-American gentleman And Ms. Kovach's termination Judge Carr, to the points expressed already, said that has no bearing On a retaliation claim because it's simply not protected activity So that's one of the reasons he did not rely on that report Because of the emphasis placed on that particular provision He also said the findings explanation regarding its termination conclusions Are quote, not a model of clarity And I would also point out that the civil rights, well Judge Carr pointed out That the letter blends its analysis of race discrimination and retaliation Quote, the OCRC's conflation of the two different theories Is likely to be confusing and unhelpful to a fact finder So I would take a step back, Ms. Kovach's, when she filed her charge of discrimination She alleged retaliation and she alleged age discrimination Civil Rights Commission, which is allowed and permitted Through the course of their investigation If they believe they've uncovered and ferreted out other forms of discrimination Are allowed to make those types of findings And that's exactly what they did here They found probable cause on retaliation They added probable cause of race discrimination on their own And they found no probable cause of age But to your question, Judge Ritz Those are the four reasons espoused by Judge Carr For not considering the probable cause determination And if we found that Judge Carr procedurally erred And didn't apply the evidentiary rules correctly And should have considered the report Do you still win? Yes, respectfully yes, Your Honor And I would point you to a number of different cases But first I would point to Harmon v. Honeywell Which was just issued about a year ago by the circuit The circuit reaffirmed its stance on this issue That addressing a probable cause finding Even when those are taken into consideration That fails to raise a question of fact at the summary judgment level I would also point you to I guess, but it can raise a statement of fact It's just your position that it wouldn't in this case It's never been articulated what the probable cause finding Would add to that causal connection analysis The focus by the appellant She said there were two reasons before the district court Since, of course, I think we all agree That temporal proximity is not present here Because of the four-month passage of time Not present alone Correct, absolutely You're absolutely correct, Judge Strach I'm certainly not suggesting otherwise But what I am suggesting is before the district court The appellant argued Again, in order to establish a causal connection The focus of the causal connection analysis Was predominantly on the conversations Between the African-American gentleman In late January in 2021 Which predated her termination by two weeks Because, again, the Civil Rights Commission Has been focused on that fairly heavily So we keep going back to what transpired In late January 2021 With the comments by the African-American employee Who had been terminated Forgive me for this question Because I'm sure I've joined opinions That disagree with what I'm about to say But I'm just kind of curious about it I'm just trying to figure out Why these commission findings by themselves About probable cause Are really relevant at all This is what I'm pausing over for a second So just imagine a case where It's your case You've got four months Which we know by itself is not enough In terms of timing And you just have a finding that says probable cause I mean, I thought the question we're supposed to be asking ourselves At summary judgment is Is the evidence in the record Would it suffice for a jury to rule for the plaintiff? Right? Because we should not Otherwise we should grant summary judgment Because there's nothing for the jury to do And I just don't understand how Probable cause finding by itself Well, plus temporal proximity But I just don't understand how that's enough For ruling Now, it's possible that What's behind the finding You know, if there's evidence In a report and that evidence is admissible Why, that's certainly relevant But I can't understand why A probable cause finding Even by the best agency in the world By itself would allow a jury verdict That's kind of a head scratcher to me Well, I think And I'm paraphrasing here But essentially that's what Judge Carr said He said And he quoted EEOC versus Ford Motor Company Which is a decision issued by this circuit in 1996 It said, unlike many statutory administrative decision Review procedures where the courts of appeals Owe deference to the factual findings of an administrative agency The Title VII context is not one of those processes In Title VII cases, either a jury Or a district judge is the fact finder The district court in the court of appeals Owes no deference to what the EEOC thought the facts were When it brought the case before the district court So I would agree with you I think what essentially Judge Carr is saying As the fact finder in this case I don't need help I can make my own independent determinations The OCRC made theirs It wasn't part of his issue That there was a conflation of race and retaliation Yes, he explicitly said that And that is a very significant point That impacts the value No matter what you consider On these probable cause findings The real point here Is that there was a conflation of the two issues And that all that was before This court was And the district court Well, age was Age and retaliation But all that is before us now Is simply retaliation And not conflated with Frankly Very good evidence Of race discrimination I can't disagree with He's not going to say good You're not going to say good Favorable for a plaintiff Yes, I understand your point Race discrimination Were there a race claim in this case The evidence would be in the record I don't disagree with any of the points You've made, Judge Strange But again We keep circling back to the same sentiment Which is This is not a race discrimination case The comments Made by Mr. Wynn in late January Are not protected activity If we want to go even further This is not an associational retaliation case I think I mentioned that In the district court briefing Or an associational race discrimination case So I don't think we need to go down that path either But those are additional theories That could have been, but were not brought But I think I've thoroughly addressed the issues That the court has presented I appreciate your time And we respectfully request That the decision of the district court be affirmed Thank you very much Thank you Rebuttal Thank you Your honors I want to start out by pointing out that EEOC versus Ford involved a trial motion Not a motion for summary judgment So the standard that the judges used in that case Is completely different than the standard That was made in this case I also want to point out something That we didn't notice Until we were preparing for this hearing But the lower court statement In its June 20, 2024 ruling On the motion for reconsideration References the wrong document And it references docket entry 27 Which was Kovacs' original brief in opposition To the motion for summary judgment Kovacs, in fact, filed an amended brief In opposition to the motion for summary judgment On October 3, 2023 That is docket entry 31 And that amended brief in opposition Differs from the earlier brief in opposition So I do want to point out That the court made a mistake In its motion for reconsideration I also want to point out that The lower court considered much of the same evidence As the OCRC Not entirely the same evidence But unlike the lower court The OCRC conducted 13 witness interviews And listened to a recording of a phone call Where Kovacs is identified as a white comparator To the three black HR directors As such, the OCRC was in a better position To assess credibility than the lower court By meeting with the witnesses The OCRC investigators were able to observe Such things as tone of voice What would a jury do with that? Would a jury have to say Oh, we weren't there These were good faith interviews They talked to 11 people What would the fact finder do with that? I think that's a different analysis If we wanted to get this OCRC Probable cause finding admitted at trial It's a different analysis Than what we're arguing today Summary judgment is what is admissible at trial The whole point is At the end of summary judgment If we say it goes to trial The evidence at that point in time Should suffice for a jury to rule for the plaintiff Otherwise, we should not allow it to go forward So it has to be admissible stuff That the jury could look at and say Yeah, we're going to rule for the plaintiffs And we would uphold it I don't know why they would be allowed to say Well, they did credibility assessments When they did this investigation I'm not sure why they wouldn't be able to do that Because the lower court didn't have the opportunity That the OCRC did In order to observe witnesses It was limited to reading the deposition transcripts And I'm going to suggest that the university Would have another opportunity before the trial To move for in limitee Not to have that probable cause finding considered I also want to go... My question would be How on the case that we have right here now Would the probable cause information And witnesses about race Not about the promotion issue How can that have any role in this case? It has a role in this case, Your Honor Because it basically shows If you look at all the findings In the probable cause finding That when she was terminated Ms. Kovacs had only been in that position for 70 days She had not been assigned to an area She was terminated despite the absence of Any sort of performance issues Any documented discipline And she was not given any sort of opportunity To correct any alleged performance issues Before she was fired It goes to show that This demotion was essentially flipped to a termination Because of that phone call on January 26th Where she is named as a comparator I want to go back to the Harmon case And the Harmon case I know is from last August And I want to suggest that The Harmon District Court Specifically made a finding in its summary judgment ruling Unlike the District Court here That the probable cause finding was untrustworthy And it made statements about factual inaccuracies A factually vague report Lack of an agency hearing And an atypically long investigation period But these factors weren't present With the probable cause finding in the case at hand And I'm also going to point out that The lower court here didn't address The probable cause finding's trustworthiness Until ruling on a motion for reconsideration The other difference in Harmon and the case at hand Is that if you review the briefs in that case The plaintiff in that case never pointed out To the lower court or to this court That the burden of establishing the lack of trustworthiness Is on the party opposing the probable cause finding The University of Toledo did not make that argument Until after the ruling on the motion for summary judgment And waived its ability to make that argument It pleased the court On behalf of Terry Kovacs We think the court should reverse The lower court's ruling on summary judgment Thank you very much for your arguments Both of you and for your helpful briefs We really appreciate it Thank you The case will be submitted